# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIME LUEVANO, : | |
|    Petitioner, : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-5840 |
| : | |
| U.S. TEXAS JUDGES, et al., : | |
|    Respondents. : | |

## MEMORANDUM

**JONES, II   J.**                                                                                        **December 7, 2020**

Jaime Luevano ("Petitioner"), a prisoner incarcerated at the Hughes Unit in Gatesville, Texas, has filed an "Emergency Writ of Mandamus for Hearings – Etc." against "U.S. Texas Judges, O.I.G.," President Donald Trump, and former President Barack Obama.  (ECF No. 1.)  A review of public records reveals that "Luevano has a long history of filing frivolous and abusive litigation." *Yieson v. Akwitti*, Civ. A. No. 20-823, 2020 WL 6577504, at *1 (W.D. Tex. Oct. 30, 2020) (citing examples of Luevano's prior frivolous filings in a case he attempted to file in the name of another inmate to raise his own claims).  Accordingly, federal judges, both inside and outside of Texas, have precluded him from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and have imposed sanctions and injunctions upon him when he continued to exhibit abusive filing behavior.  *See, e.g.*, *Luevano v. Skyview Unit Psych Doctors*, N.D. Tex. Civ. A. No. 19-2186 (Sept. 17, 2019 Notice re: Application of Prior Sanction Order); *Luevano v. U.S. Circuit Judges of D.C.*, D.D.C. Civ. A. No. 18-1297 (June 14, 2018 Memorandum and Order); *Luevano v. Clinton*, Civ. A. No. 15-142, 2015 WL 3408123, at *1–*2 (W.D. Tex. May 27, 2015).

In his current filing in this Court, Luevano claims that his life is in danger because federal judges in Texas are "concealing the O.I.G. to do crimes in general by satellites" and denying him access to the courts by concluding he is a three-striker pursuant to § 1915(g), and imposing sanctions and injunctions that impede his ability to file lawsuits. (ECF No. 1 at 1.) Luevano asks this Court to grant him a jury trial and appoint a special master. (*Id.*) He also generally alleges that his life and health are in danger because he is "expose[d] to the (virus) coronavirus that this [satellites] (transmit) use on [him]." (*Id.*)

Until recently, this Court would have been precluded from addressing Petitioner's filing unless and until he either paid the applicable filing fee or was granted leave to proceed *in forma pauperis*. *See, e.g.*, *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (per curiam) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was not yet subject to dismissal"); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis* status). However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc), the United States Court of Appeals for the Third Circuit adopted a "flexible approach" that permits the screening of cases filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a pleading or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. § 1915A(b)(1). A pleading is frivolous if it "lacks an arguable basis either in law or in fact,"

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  Factual allegations that are "fanciful," "fantastic," or "delusional" are considered "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  In addition, the Court must dismiss the matter if it determines subject matter jurisdiction is lacking.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  As Luevano is proceeding *pro se*, the Court construes his allegations liberally.  *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

The Court understands Luevano to be bringing his Petition pursuant to 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."   However, courts have held that the statute does not apply to judges and judicial employees.  *See Semper v. Gomez*, 747 F.3d 229, 250 (3d Cir. 2014) (citing *Trackwell v. United States Government*, 472 F.3d 1242, 1246 (10th Cir. 2007) (noting that "[f]or a district court to issue a writ of mandamus against an equal or higher court would be remarkable" and holding that "the Supreme Court is not an 'agency' within the meaning of § 1361"); *Liberation News Service v. Eastland*, 426 F.2d 1379, 1384 (2d Cir. 1970) (stating that, in enacting § 1361, "Congress was thinking solely in terms of the executive branch")).  So, the Court must dismiss Luevano's Petition for lack of subject matter jurisdiction to the extent he seeks mandamus relief against unspecified federal judges in Texas.

To the extent Luevano brings his Petition against Presidents Trump and Obama, it is frivolous. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "[A] writ of mandamus [] represents an extraordinary remedy." *Semper*, 747 F.3d at 251. Luevano has not shown an entitlement to a writ of mandamus. To the contrary, it is not clear what relief he seeks against Presidents Trump and Obama and, to the extent the Court can discern his allegations, which concern the use of satellites against him, they appear to be fanciful and delusional such that they lack any basis in fact.

In sum, there is no basis for granting Luevano's Petition for a Writ of Mandamus, so the Court will dismiss it as frivolous and for lack of jurisdiction.

An appropriate Order follows.

                                                           BY THE COURT:

                                                           /s/ C. Darnell Jones, II
                                                           C. Darnell Jones, II    J.